# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## NORTHERN DIVISION

**EDDIE GIBBS**                                                                                       **PLAINTIFF**

**v.**                                       No: 3:20-cv-00123 DPM-PSH

**GLENN,** *et al.*                                                                               **DEFENDANTS**

## ORDER

Plaintiff Eddie Gibbs has filed a letter requesting certain video footage be subpoenaed as evidence (Doc. No. 24). Gibbs also requests to be transferred to another facility. Gibbs' requests are denied. The video requested concerns alleged retaliation occurring in August 2020. This lawsuit, filed on April 23, 2020, concerns an incident that occurred on February 23, 2020. *See* Doc. No. 4. Because Gibbs' claims asserting retaliatory action are separate and distinct from his claims in this lawsuit, he must bring those claims in a separate lawsuit,[1] after he exhausts his administrative remedies. Gibbs request for a transfer is also denied. The Court does

---

[1] Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, a plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants.

not interject itself into prison administration, and can only consider whether injunctive relief is appropriate[2] if it is brought in a properly filed case.

    IT IS SO ORDERED this 9th day of September, 2020.

                                            UNITED STATES MAGISTRATE JUDGE

---

[2] The granting of injunctive relief is an extraordinary remedy, particularly in a prison context. *See Goff v. Harper*, 60 F.3d 518 (8th Cir. 1995). In considering whether to grant such relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *See Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." *Goff*, 60 F.3d at 519-521 (citing *Modern Computer Systems v. Modern Banking Systems*, 871 F.2d 734, 737 (8th Cir. 1989) (en banc)).